IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY R. DAVIS,

     Plaintiff,                             No. CIV S-06-0360 FCD DAD P

     vs.

R. COMPEAN, et al.,

     Defendants.                        <u>ORDER</u>

_____/

     Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee of $250.00 or submitted an application to proceed in forma pauperis.

     Plaintiff is confined in California State Prison-Lancaster, and his claims arose at that institution. The two defendants are employed at the same institution. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

1

1    In this case, no defendants reside in the Eastern District of California. Plaintiff's claims arose in Los Angeles County, and the defendants reside there. Los Angeles County is in the Central District of California, and plaintiff's case should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer an action filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Central District of California.

DATED: March 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
davi0360.21